STATE OF CONNECTICUT *v.* LEROY REDDICK

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued January 8—decided January 16, 1953

*Howard A. Jacobs,* with whom was *Stanley A. Jacobs,* for the appellant (defendant).

*Abraham S. Ullman,* state's attorney, for the appellee (state).

INGLIS, J. The defendant was found guilty of murder in the first degree with a recommendation for clemency and thereupon was sentenced to imprisonment for life pursuant to § 1406b of the 1951 Cumulative Supplement to the General Statutes. His motion to set aside the verdict was denied and he has filed an appeal. He filed a motion in the trial court alleging that he was without funds and seeking an order that the court fees chargeable to him on the appeal and the expense of procuring a transcript of the testimony and printing his brief and appendix be paid by the state. The trial court denied the motion without memorandum and the defendant now has filed a motion in this court for the modification of that order.

This motion is made pursuant to Practice Book, § 435, which was adopted in 1951. If under our practice prior to that time error had been found in the court's denial of the motion, we would only have remanded it with a direction as to the proper action to be taken by the trial court. *State v. Zukauskas,* 132 Conn. 450, 452 n., 45 A.2d 289; *State v. Klein,* 95 Conn. 451, 453, 112 A. 524. The question, therefore, is whether under the new rule this court is

authorized to enter an order superseding the trial court's denial of the motion.

Section 435 provides: "The supervision and control of the proceedings on appeal shall be in [the Supreme Court] from the time the appeal is filed and . . . any motion the purpose of which is to perfect the record for presentation to this court shall be made to it. This court may, on written motion stating the grounds for the relief sought and after hearing, modify or vacate any order made by the trial court in relation to the prosecution of the appeal. . . ." Clearly, the purpose of the rule is to furnish a means whereby this court may act expeditiously on any question which may arise in connection with the preparation of the record on appeal. Whether an impecunious defendant in a criminal case shall be furnished with the funds necessary to meet the expense of preparing the record is such a question. The motion now before us therefore falls within the rule, and under it we are empowered to supersede the order entered by the trial court in so far as we conclude that such a modification is requisite under the circumstances.

The motion before us differs from that passed upon by the trial court in that it asks only for an allowance to cover the expenses of procuring the transcript and printing the brief and appendix, whereas the one addressed to the trial court prayed, in addition, for an allowance to cover all court fees which the defendant would become obligated to pay. In cases in which the defendant is represented by private counsel as distinguished from the public defender, the trial court is without power to except even an impoverished accused from the payment of the court fees prescribed by statute or to bring about the same result by ordering reimbursement for such payment.

*State* v. *Zukauskas,* supra. The trial court's action in denying that prayer of the motion pending before it was correct.

The motion as made in this court is more deserving of consideration. It is the well-established policy of our law that a person convicted of murder in the first degree should not be denied an opportunity to appeal, and the fact that he is without resources should not be allowed to deprive him of it. *State* v. *Zukauskas,* supra; *State* v. *Klein,* supra. This policy applies to cases in which the sentence is life imprisonment under § 1406b of the 1951 Cumulative Supplement as well as to cases in which the death penalty is imposed. See General Statutes § 8850.

To perfect the appeal of the defendant from the denial of the motion to set aside the verdict, it is necessary for him to file a transcript of the relevant evidence. Practice Book § 404. To present his appeal properly, it will be necessary for him to print his brief and an appendix thereto setting forth the evidence which is material to the issue. Practice Book §§ 447, 448. This will entail considerable expense. It is conceded that the defendant is entirely without funds to meet the expense of procuring the transcript and printing his brief and appendix. The policy of our law demands that such expense be borne by the state.

It is ordered that the necessary cost of procuring the copy of the transcript required to be filed with the clerk and of printing the defendant's brief and appendix (the printing of the appendix to be procured by the clerk) be taxed by the Superior Court as a part of the expense of the prosecution of this case and be paid by the state.

In this opinion the other judges concurred.