STATE OF CONNECTICUT *v.* KATHLEEN HUDSON

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued February 7—decided March 9, 1967

*Arthur B. LaFrance,* for the appellant (defendant).

*Robert K. Walsh,* assistant state's attorney, for the appellee (plaintiff).

HOUSE, J. This matter comes before us on the defendant's motion to review an order of the Superior Court in New Haven County denying her application for waiver of fees, costs, expenses and security in connection with her appeal from a judgment rendered in that court following her conviction for the crime of theft. Nothing except the motion, with a copy of the application attached thereto, has been presented to us. The application to the Superior Court appears to have been made by the defendant pro se, while the motion to this court has been made by her attorney of record. The verified application recites the defendant's dis-

tressed financial circumstances and the grounds for her appeal. The motion for review recites the conviction, the application for waiver of "fees, costs, expenses and security," without further specification or itemization, and the court's denial of the application. It seeks a review of the action of the Superior Court in denying the application and an order from this court vacating the Superior Court order and directing that the defendant's application be granted.

The motion for review has been brought pursuant to the provisions of §§ 692 and 694 of the Practice Book. As we noted in *State* v. *Reddick,* 139 Conn. 398, 400, 94 A.2d 613, "[c]learly, the purpose of . . . [§ 692] is to furnish a means whereby this court may act expeditiously on any question which may arise in connection with the preparation of the record on appeal. Whether an impecunious defendant in a criminal case shall be furnished with the funds necessary to meet the expense of preparing the record is such a question. The motion now before us therefore falls within the rule, and under it we are empowered to supersede the order entered by the trial court in so far as we conclude that such a modification is requisite under the circumstances."

We have obtained from the Superior Court and examined the file in this case and note that the defendant's application was, as alleged in the motion, denied in that court. There is, however, no memorandum of decision or finding, and we are therefore without any means of knowing the reasons for the action taken by the Superior Court. If a defendant in a criminal case desires to appeal from his conviction, the court before which the case was tried may grant relief from the payment of costs and expenses, upon proper application, "[i]f the

court is satisfied that the applicant is indigent and that the proposed appeal would not be frivolous". Practice Book § 603.[1] Lacking a finding or memorandum of decision by the trial court, it is impossible for us to ascertain upon what facts it based its order, the reasons for its decision and whether or not the defendant failed to satisfy the court as to either indigency or lack of frivolity in the asserted grounds of appeal. These are issues which must be decided by the trial court "on the basis of the subordinate facts, developed to the extent necessary to enable the court to reach a proper legal conclusion. 'This court cannot find facts, nor, in the first instance, draw conclusions of facts from primary facts found, but can only review such findings to see whether they might legally, logically and reasonably be found.'"[2] *Wiegert* v. *Pequabuck Golf Club, Inc.*, 150 Conn. 387, 391, 190 A.2d 43 (quoting from *Claffey* v. *Bergin*, 121 Conn. 695, 696, 183 A. 16).

---

[1] "[Practice Book] Sec. 603. WAIVER OF FEES, COSTS AND SECURITY If a defendant in a criminal case is indigent and desires to appeal from his conviction, he may, within the time provided by the rules for the taking of the appeal, make written application to the court before which the case was tried for relief from payment of costs and expenses. Said application must be under oath and recite, or it must be accompanied by a sworn affidavit reciting, the grounds upon which the applicant proposes to appeal and the facts concerning his financial status. If the court is satisfied that the applicant is indigent and that the proposed appeal would not be frivolous, the court may waive the payment by the applicant of the fees specified in Sec. 602 and the taxable costs, and also the requirement of Sec. 602 concerning the furnishing of security for costs upon appeal. The time specified by Sec. 601 for taking the appeal shall run from the date of the court's decision on the application."

[2] The problems of reviewing a determination of frivolity and securing "a record of sufficient completeness" to permit such a review are noted in such cases as *Draper* v. *Washington*, 372 U.S. 487, 498, 83 S. Ct. 774, 9 L. Ed. 2d 899, and *Eskridge* v. *Washington State Board*, 357 U.S. 214, 78 S. Ct. 1061, 2 L. Ed. 2d 1269.

Since this matter must be remanded to the Superior Court for further proceedings, and since the duty of the state to provide the same right of initial appeal to an indigent defendant as is available to a wealthy one has been established beyond question,[3] we are prompted to note the provisions which Connecticut has made for the protection of the rights of indigent persons accused of crime. This state was the first state to adopt the public defender system. Public Acts 1917, c. 225. Under this act, the judges of the Superior Court annually appointed for each county a member of the bar who had practiced at least five years to represent indigent persons accused of crime. By subsequent legislation, this act has been amended so that, as now effective (General Statutes §§ 54-80—54-81b), the public defender system applies to every court in the state having criminal jurisdiction, and the judges of the Superior Court and the Circuit Court are respectively authorized to appoint as many assistant public defenders as they determine are necessary. In addition, the statutes (§§ 54-81, 54-81a) expressly authorize the appointment of counsel to serve at state expense as special public defenders when for any reason, such as a conflict of interest between two accused, there is any real question of the propriety or effectiveness of the public defender's acting for an accused.

To further effectuate the policy of the state and safeguard the rights of indigent accused persons, the judges of the Superior Court in June, 1965, by

[3] See *Griffin* v. *Illinois*, 351 U.S. 12, 16, 76 S. Ct. 585, 100 L. Ed. 891; *Douglas* v. *California*, 372 U.S. 353, 355, 83 S. Ct. 814, 9 L. Ed. 2d 811; *Lane* v. *Brown*, 372 U.S. 477, 483, 83 S. Ct. 768, 9 L. Ed. 2d 892; *Long* v. *District Court*, 385 U.S. 192, 194, 87 S. Ct. 362, 17 L. Ed. 2d 290; note, 55 A.L.R.2d 1072.

rule (Practice Book § 472A) provided for the annual appointment in each county of a panel of attorneys from which special public defenders may be appointed (§ 472B) "in any matter arising out of a detention or prosecution in a criminal case" where a person "is entitled to counsel as a matter of law and is without funds sufficient to employ counsel." § 472D. The rule provides for compensation for the services of such a special attorney "for preparation and trial and in taking an appeal to the supreme court, together with necessary disbursements in connection therewith, including disbursement for a stenographic transcript of any proceedings." § 472D.

Public defenders and attorneys appointed to assist a public defender or to act in his place are, while acting in such a capacity, expressly exempted from the requirement of payment of jury fees, court fees and the record fee in this court. General Statutes § 52-259a; *Fredericks* v. *Reincke,* 152 Conn. 501, 503, 208 A.2d 756. Also, in any appeal to this court in a criminal case there is statutory provision for the payment by the state of the costs of a transcript of the evidence and the printing of briefs and the appendices thereto, where the accused is without funds to defray these costs. General Statutes § 54-151. As a result of these various provisions, "an accused who lacks funds is assured of representation by experienced counsel, who, subject to the court's approval, are able to incur whatever expense is necessary for the proper protection of the rights of the accused, not only in the trial court but also on appeal." *State* v. *Reid,* 146 Conn. 227, 234, 149 A.2d 698.

It is in the light of this well-established and implemented policy of the state, as evidenced by

the public defender system and these statutes and rules of court, that trial courts should consider applications for assistance from those accused or convicted of crime who claim inability to assert their legal rights because of indigency. The right to legal and financial assistance at state expense is, however, not unlimited. Defendants seeking such assistance must satisfy the court as to their indigency and, where the request is for assistance on the initial appeal afforded to persons upon criminal conviction, that the asserted reasons for appeal are not frivolous or groundless. *Fredericks* v. *Reincke,* supra, 505. Nor can an indigent accused without good reason refuse the services of a public defender and compel the state to engage and compensate counsel of his own choice. *State* v. *Nash,* 149 Conn. 655, 661, 663, 183 A.2d 275, cert. denied, 371 U.S. 868, 83 S. Ct. 130, 9 L. Ed. 2d 104; *State* v. *Taborsky,* 147 Conn. 194, 201, 158 A.2d 239; *State* v. *Reid,* supra, 235.

We note that the defendant in the present case is now at liberty on bond furnished by a professional bondsman and is represented by counsel of record with no indication that he is a public defender or serving as other than privately selected and compensated counsel. These are, of course, among the circumstances that the trial court may properly consider in determining whether and to what extent the defendant is entitled to the benefit of the various provisions which have been adopted to assure that no person shall because of indigency be deprived of his constitutional right to equal protection of the laws. In deciding whether or not claimed grounds of appeal are frivolous, the court must also recognize that a claim may lack real merit but still not be frivolous.

On the limited record before us and in the absence of a finding or memorandum of decision, we cannot determine whether there was error in denying the application and whether or in what form or to what extent, if any, the defendant is entitled to the assistance of the state in the prosecution of her appeal. Since the constitutional rights of an accused are involved in such an application, asserting indigency and nonfrivolous grounds for appeal, we deem it necessary that the record disclose the basis for whatever decision the trial court may reach.

Accordingly, without prejudice to a further motion if circumstances appear to warrant it, the motion for review is granted to the extent that the Superior Court in New Haven County is directed to reconsider the denial of the defendant's application and to state by way of a finding the facts upon which, following such a reconsideration and any further hearing it may hold, its decision is predicated.

In this opinion the other judges concurred.