STATE OF CONNECTICUT *v.* IMOGENE CLARK

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 14-66038

Argued August 28—decided October 27, 1967

*Brian L. Hollander,* of Hartford, for the appellant (defendant).

*Edward R. Smoragiewicz,* assistant prosecuting attorney, for the appellee (state).

KINMONTH, J. The defendant was found guilty of cruelty to persons in violation of § 53-20 of the General Statutes and has filed an intention to appeal, preserving her rights by several motions for extension of time. She filed a motion for waiver of fees, costs and security in accordance with § 603 of the Practice Book, which motion was granted. Subsequently, she filed a motion for waiver of ordinary and reasonable expenses of appeal, including the expenses of the preparation of the trial transcript, which motion was denied. It is this latter motion we are asked to review under §§ 692 and 1023 of the Practice Book.

"Clearly, the purpose of . . . [§ 692] is to furnish a means whereby this court may act expeditiously on any question which may arise in connection with the preparation of the record on appeal. Whether an impecunious defendant in a criminal case shall be furnished with the funds necessary to meet the expense of preparing the record is such a

question. The motion now before us therefore falls within the rule, and under it we are empowered to supersede the order entered by the trial court in so far as we conclude that such a modification is requisite under the circumstances." *State* v. *Reddick,* 139 Conn. 398, 400.

The trial court did not file a memorandum of decision on either of the motions referred to above, and therefore we are unable to determine on what grounds the motion for waiver of fees, costs and security was granted and the motion for the state to pay for the transcript denied. It is, however, only the latter motion which is before us, and the record shows that the motion for waiver of fees, costs and security was granted on the grounds of indigency. The court having found indigency, it seems inconsistent not to have granted the motion for the transcript, since a transcript is necessary in order for the defendant properly to present her appeal.

Our Supreme Court has said that "[i]n cases in which the defendant is represented by private counsel as distinguished from the public defender, the trial court is without power to except even an impoverished accused from the payment of the court fees prescribed by statute." *State* v. *Reddick,* supra. We feel this should apply to private organizations which provide counsel free of charge, for the defendant does not have the right to counsel of her own choice so long as she claims to be indigent. *State* v. *Reid,* 146 Conn. 227, 235. Our public defender system safeguards the rights of indigent persons not only at the trial level but on appeals, as is set forth in § 54-81a of the General Statutes. Under it, an accused who lacks funds is assured of representation by experienced counsel who, subject to the court's approval, are able to incur whatever

expense is necessary for the proper protection of the rights of the accused, not only in the trial court but also on appeal. See *State* v. *Hudson,* 154 Conn. 631, and cases cited.

Upon the record before us in this case, we feel constrained to order that the necessary cost of procuring a copy of the transcript be paid by the state, and it is so ordered.

In this opinion Kosicki and Macdonald, Js., concurred.