STATE OF CONNECTICUT *v.* SHIRLEY PLUMMER

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 6-36669

Argued September 25, 1967—decided March 22, 1968

*Roger E. Koontz,* of New Haven, for the appellant (defendant).

*Philip E. Mancini, Jr.,* prosecuting attorney, for the appellee (state).

MACDONALD, J. The narrow issue before us may be framed in the overthrust of antecedent proceedings in this case which are summarized: (1) On April 6, 1966, after trial to the court *(Jacobs, J.),* the defendant was convicted of the crime of lascivious carriage (General Statutes § 53-219). (2) From that judgment of conviction she appealed, in connection with which an application for waiver of fees, costs and expenses (Practice Book §§ 603, 1023) was filed. The application was granted by the trial judge. (3) In its decision of January 20, 1967, this court affirmed the judgment of conviction. *State* v. *Plummer,* 5 Conn. Cir. Ct. 35. (4) Thereafter, the defendant filed notice of a petition for certification by the Supreme Court of Connecticut (Practice Book § 743)

and at the same time presented to the trial judge a further application for waiver of fees, costs and expenses in connection with her petition for certification, which application was denied. (5) Subsequently, as set forth in the motion now presented to this court, a motion for review was filed in the Supreme Court "raising the same points and requesting the same relief as is being requested in this Motion." (6) On July 26, 1967, our Supreme Court denied the motion pending before it in the following language: "The motion by the defendant for review dated March 24, 1967, is denied pursuant to Practice Book §§ 758, 692 and 694." *State* v. *Plummer*, 155 Conn. 720. (7) The defendant, in her instant motion for review, "raising the same points" as were presented to and decided by our Supreme Court, "and requesting the same relief," now requests us to vacate the order of the trial court and grant her application for waiver of fees, costs and expenses.

It is established beyond question that the state has the duty to provide the same right of initial appeal to an indigent person as is available to a wealthy defendant. *State* v. *Hudson*, 154 Conn. 631, 635 & n.3. In this case, many problems could have been circumvented had private counsel filed application for and received appointment as a special public defender. General Statutes § 54-81a; *State* v. *Hudson*, supra, 635–36; *State* v. *Stanley*, 156 Conn. 644; see *State* v. *De Joseph*, 3 Conn. Cir. Ct. 624, 635–36, cert. denied, 385 U.S. 982.

Under ordinary circumstances, we have the requisite jurisdiction to consider and decide a motion for review such as is now before us. *State* v. *Clark*, 4 Conn. Cir. Ct. 570. The defendant, however, now seeks to have us act on issues which have already

been presented to and decided by the highest court in our state. This we cannot do.

In view of the conclusion reached, we do not consider other arguments advanced by the defendant in her brief.

The motion for review is denied.

In this opinion DEARINGTON and WISE, Js., concurred.