## STATE OF CONNECTICUT *v.* ERNEST HARRIS

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 5-10542

Argued February 19—decided April 5, 1968

*Joseph D. Harbaugh,* chief public defender, for the appellant (defendant).

*David B. Cohen,* prosecuting attorney, for the appellee (state).

JACOBS, J.  On March 27, 1967, the defendant, a minor, was arrested in Ansonia and charged in the first count of a two-count information with carrying a dangerous weapon (General Statutes § 53-206) and in the second count with possession of obscene literature (§ 53-243).  These are felonies by statute.  See § 1-1.  On May 8, 1967, the defendant filed with the court a "public defender application" on a form provided by the Circuit Court (Form CCT-122) in which he disclosed, under the penalties of perjury, such information as was required of him concerning

his ability to retain counsel. See § 54-81a.[1] This constitutes a sanction important in protection of the public against a false or fraudulent invocation of the benefits of the statute. In reliance upon the representations of the defendant, the court *(Levine, J.)* granted the application and appointed Andrew D. Sabetta, the public defender for the fifth circuit, "as his attorney and counselor at law, through all the proceedings in the case in this court, unless sooner relieved by order of this court." On September 5, 1967, after a trial to the court, the defendant was found guilty on both counts of the information.

Pursuant to § 54-151, the defendant filed an application for an order for a transcript of the evidence at state expense, and, on November 30, 1967, the trial court ruled that "[o]n the basis of the information contained in the presentence report [§ 54-109] and the family relations report . . . , the state's motion to discharge the public defender as counsel for the defendant on appeal is granted, and the defendant's motion for transcript at state's expense is denied."

The defendant claims in the motion for review that the court erred in failing to accord him a hearing to determine the question of indigency.

It is, of course, the duty of a court to afford counsel to the indigent. The principle of this rule is clear enough; the problem lies in drawing up a set of conditions which clearly, fairly and accurately determines what constitutes indigency. Obviously, it is impossible to frame a standard of eligibility that could be applied uniformly. A determination of indigency requires consideration of a number of

---

[1] For a comprehensive discussion of the statute, see Judge Kosicki's opinion in *State* v. *DeJoseph*, 3 Conn. Cir. Ct. 624, 633, cert. denied, 385 U.S. 982. The full text of the statute (§ 54-81a) is reproduced at page 633, note 7.

factors. A starting point is income. Other factors include bank accounts or convertible assets, ownership of home or ownership of automobile, employment status, outstanding debts, number of dependents, and seriousness of the charge. See *Williams* v. *Superior Court*, 226 Cal. App. 2d 666, 672; Blaustein & Porter, The American Lawyer, p. 74.

By statute (§ 54-81a) the general rule of eligibility as a condition of appointment of a public defender is limited to those who claim indigency. "Indigence 'must be conceived as a relative concept. An impoverished accused is not necessarily one totally devoid of means' "; *Hardy* v. *United States*, 375 U.S. 277, 289 n.7, (concurring opinion); nor must one "be absolutely destitute to enjoy the benefit of the statute." *Adkins* v. *DuPont Co.*, 355 U.S. 331, 339; cf. *Weeks* v. *Mansfield*, 84 Conn. 544, 549. The simple and direct characterization made by Mr. Justice Black in *Gideon* v. *Wainwright*, 372 U.S. 335, 344, is particularly apropos: an indigent is a person who is "too poor to hire a lawyer."

Often the question whether a person is financially able to hire a lawyer may prove to be a complex one. Obviously, the determination of indigency must be made at the trial level; trial judges are in the best position administratively to decide that question. Of course, a person claiming the benefits of the statute cannot conceal his assets and demand the services of a public defender at state expense.

In the instant case, the trial court's inquiry into the question of indigency was at best cursory. It was made without a hearing and upon an inadequate determination of the facts. See *State* v. *Hudson*, 154 Conn. 631, 634; 23 C.J.S., Criminal Law, § 982 (4), (Sup. 1967, p. 112); *State* v. *Clark*, 4 Conn. Cir. Ct. 570; *State* v. *Plummer*, 5 Conn. Cir. Ct. 42. A judge can determine the question of indigency where, as

here, the issue is sharply controverted, only from a comprehensive examination of all the facts and circumstances. A routine referral to the family relations division or to the adult probation department may leave a judge entirely unaware of the facts essential to an informed decision whether the accused is in fact indigent.

The defendant was entitled to a hearing on the issue of indigency.

Accordingly, the motion for review is granted to the extent that the Circuit Court in the fifth circuit is directed to reconsider the denial of the defendant's application for a transcript at state expense and its order discharging the public defender on appeal and to state by way of a finding the facts upon which, following such a reconsideration and any further hearing it may hold, its decision is predicated.

In this opinion KOSICKI and DEARINGTON, Js., concurred.