**UNITED STATES ex rel. Floyd PARSONS**

v.

**Frederick E. ADAMS, Warden, Connecticut Correctional Institution.**

**Civ. No. 14388.**

United States District Court,
D. Connecticut.

June 24, 1971.

Howard Baron, Ralph E. Sluis, Middletown, Conn., for petitioner.

Vincent Scamporino, Asst. State's Atty., Middletown, Conn., Steven O'Neill, Asst. Atty. Gen., State of Conn., Hartford, Conn., for respondent.

## MEMORANDUM OF DECISION ON PETITION FOR A WRIT OF HABEAS CORPUS

BLUMENFELD, Chief Judge.

Petitioner was convicted of manslaughter by a Connecticut Superior Court jury on May 20, 1970. At his trial, pursuant to Conn.Gen.Stats. § 54–88 [1] and Connecticut Practice Book § 479,[2] the state's attorney was permitted to, and did, open and close the final argument to

1. Conn.Gen.Stats. § 54–88 provides: "In any criminal trial, the counsel for the state shall be entitled to open and close the argument."

2. Section 479 of the Practice Book: "The state's attorney shall be entitled to open and close the arguments."

342

the jury. Parsons is presently in custody at the Connecticut Correctional Institution serving a sentence of four to eight years imprisonment. He maintains by this petition that he is in custody in violation of the United States Constitution because the exercise by the state of its statutory right to open and close final argument at trial violated his rights to counsel under the sixth amendment, and due process under the fourteenth.

## I.

### Jurisdiction and Exhaustion

The respondent has moved to dismiss this petition on the grounds that the court lacks jurisdiction and that petitioner has failed to exhaust his state remedies.

■ "[F]ederal court jurisdiction [to entertain a habeas corpus petition] is conferred by the allegation of an unconstitutional restraint . . . ." Fay v. Noia, 372 U.S. 391, 426, 83 S.Ct. 822, 842, 9 L.Ed.2d 837 (1963). See Jackson v. Denno, 378 U.S. 368, 370 n. 1, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). This petitioner is in custody in this district, cf. Schlanger v. Seamans, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971); 28 U.S.C. § 2241(a), and "alleges a deprivation of constitutional rights which would entitle [him] to be released from state custody." United States ex rel. Holes v. Mancusi, 423 F.2d 1137, 1141 (2d Cir. 1970); see 28 U.S.C. § 2254(a). Jurisdiction is properly laid in this court.

■ The requirement of exhaustion of state remedies, 28 U.S.C. § 2254(b), resting as it does on principles of comity rather than power, Hammond v. Lenfest, 398 F.2d 705, 714 (2d Cir. 1968), involves different considerations, which must be evaluated in their factual context.

Upon conviction, Parsons applied to the Superior Court for a waiver of the fees and costs associated with an appeal. This application was submitted pursuant to Conn.Prac.Bk. § 603, which authorizes waiver of the fees "[i]f the court is satisfied that the applicant is indigent

and that the proposed appeal would not be frivolous." The application included a statement of the grounds for appeal, which were the same as those asserted here. After a hearing and the submission of briefs, the court found Parsons to be indigent, but reserved decision on his application. More than four months later, the application was denied without comment. Petitioner took no further steps to present to the state courts the issues presented by this petition.

■ The principle of exhaustion precludes consideration of the merits of a habeas corpus petition by a federal court only insofar as the petitioner has failed to exhaust "state remedies still open to [him] at the time he files his application in federal court." Fay v. Noia, supra, 372 U.S. at 435, 83 S.Ct. at 847 (emphasis added). "[T]he only ground for which relief may be denied in federal habeas corpus for failure to raise a federal constitutional claim in the state courts," Jackson v. Denno, supra, 378 U.S. at 370 n. 1, 84 S.Ct. at 1777, is that the petitioner "deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." Fay v. Noia, supra, 372 U.S. at 438, 83 S.Ct. at 849.

Parsons apparently could have appealed to the state Supreme Court from the denial of his application for waiver of fees on appeal. See State v. Hudson, 154 Conn. 631, 228 A.2d 132 (1967), and 155 Conn. 719, 231 A.2d 283 (1967). However, that remedy is no longer open to him, and there is no suggestion that Parsons, exercising a "considered choice," Fay v. Noia, supra, 372 U.S. at 439, 83 S.Ct. at 849, "after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures . . . ." Id.

Respondent does not contend that petitioner has waived his state court rem-

edies. Instead, he contends that there is a state remedy still available; namely, state habeas corpus. Conn.Gen.Stats. § 52–466–470. Petitioner admits that he has not attempted to raise his claims by state habeas corpus, but maintains that the state's rules pertaining to indigents in habeas corpus proceedings excuse his failure to pursue that route.

■ Under the circumstances of this case, petitioner was not required to attempt to file a habeas corpus petition in the state court as a prerequisite to proceeding here. This court has had prior occasion to canvass Connecticut's intricate scheme for affording indigent habeas corpus petitioners access to its courts without payment of court fees. United States ex rel. Rush v. York, 281 F.Supp. 779 (D.Conn.1967). In sum, the scheme permits a waiver of fees only if the indigent accepts the representation of a public defender, see Conn.Gen.Stats. § 52–259a; State v. Hudson, *supra*, 154 Conn. at 636, 228 A.2d 132, but habeas corpus proceedings do not fall within the ambit of matters for which public defenders may be appointed. *See id.*; Conn.Prac.Bk. § 472D. An indigent petitioner with private counsel is not exempted from the fee. State v. Reddick, 139 Conn. 398, 400, 94 A.2d 613 (1953); State v. Clark, 4 Conn.Cir. 570, 572, 237 A.2d 105 (1967). This petitioner has been represented by counsel other than a public defender in all post-conviction proceedings.

The consequence of these nonprovisions for indigent habeas petitioners is that the remedy is simply unavailable if they do not pay the fee, whether they are represented by private counsel or attempt to proceed pro se. Accordingly, this court deems the state habeas remedy for indigent petitioners an exhausted, because unavailable, remedy. United States ex rel. Rush v. York, *supra*, 281 F.Supp. 779; United States ex rel. Robinson v. York, 281 F.Supp. 8 (D.Conn. 1968).

It does not matter that this petitioner did not in fact tender a petition to the clerk of the Superior Court—he had already been found indigent and there is no indication in Connecticut's statutes, decisions, or court rules that there is any way to avoid application of the scheme described. Nor does the possible existence of an unwritten exception, permitting the filing of in forma pauperis petitions for habeas corpus by indigent prisoners at the state prison, noted in United States ex rel. Rush v. York, *supra*, 281 F.Supp. at 782, affect the finding of exhaustion. There was no evidence in this case that such a practice exists or that this petitioner knew about it. In any event, considerations of comity would not be so compelling upon this court as to require an indigent, simply because of a state's procedural rule, to pursue a post-conviction remedy pro se, when he has counsel ready and willing to represent him without cost to the state.

Until Connecticut revises its rules to permit indigents reasonable access to its courts for purposes of habeas corpus, *cf.* Boddie v. Connecticut, 401 U.S. 371, 91 S. Ct. 780, 28 L.Ed.2d 113 (1971), this court will deem that remedy exhausted, for purposes of 28 U.S.C. § 2254(b), without a showing by an indigent of a rejected attempt to file a petition in the state court. Respondent's motion to dismiss for lack of jurisdiction and failure to exhaust state remedies is denied.

## II.

### *Merits*

#### A. *Due Process*

Petitioner's contention that the state procedure offends due process proceeds from the premise that oral argument is a fundamental element of a criminal proceeding. *See* Londoner v. Denver, 210 U. S. 373, 386, 28 S.Ct. 708, 52 L.Ed. 1103 (1908). He argues that permitting the state to both open and close the final argument gives the state a "substantial, valuable, and material advantage" at trial, which impinges upon the effective exercise of the defendant's right of oral argument. This advantage, affecting a fundamental element of the trial, is said

to be so unfair as to offend traditional notions of fair play and due process.

It is important to note at the outset what is not involved in this case. This is not a case where the right to be heard has been denied altogether. *Cf.* Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); Schroeder v. City of New York, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962). Petitioner's right to argue orally at trial by himself or through counsel, was neither denied nor curtailed. *Cf.* Green v. United States, 365 U.S. 301, 304, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961); Townsend v. Burke, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). What is at issue then is not a wholesale denial of a fundamental element of a fair trial, but a state rule of criminal procedure which may have an impact on the effectiveness of the defendant's argument to the jury. *See* Spencer v. Texas, 385 U.S. 554, 563–564, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

Whether a state rule of criminal procedure is repugnant to the due process clause of the federal Constitution depends upon whether or not it may be said to offend "the evolving standards of decency that mark the progress of a maturing society," Trop v. Dulles, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 596 (1958), quoted with approval in McGautha v. California, 402 U.S. 183, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971). A particular procedure is required by due process only if it is "necessary to an Anglo-American regime of ordered liberty." Duncan v. Louisiana, 391 U.S. 145, 150 n. 14, 88 S.Ct. 1444, 1448, 20 L.Ed.2d 491 (1968). "[T]he Federal Constitution . . . does not guarantee trial procedures that are the best of all worlds, or that accord with the most enlightened ideas of students of the infant science of criminol-

ogy, or even those that measure up to the individual predilections of members of [the Supreme] Court." McGautha v. California, *supra,* 402 U.S. at 221, 91 S. Ct. at 1474; *see* Spencer v. Texas, *supra,* 385 U.S. 564, 87 S.Ct. 648, 17 L.Ed.2d 606; Snyder v. Massachusetts, 291 U.S. 97, 105, 54 S.Ct. 330, 78 L.Ed. 674 (1934).

Petitioner has submitted a scholarly brief which collects the available information about the historical practice in this country, and the present practice in this and other countries.[3]

The historical information provided by the petitioner simply does not, as petitioner contends, support the proposition that the framers and ratifiers of the Constitution understood due process as requiring equal opportunities for the prosecution and the defense in presenting final argument. The evidence submitted is skimpy and conflicting. Petitioner cites a 1796 textbook, for example, which suggests that Connecticut's procedure was at that time what it is today. That practice has been statutorily codified since at least 1902. *See* Conn.Gen.Stats. § 54–88.

Perhaps of more significance is petitioner's table showing that at the present time the practice in at least 41 of the states is to permit the prosecution to both open and close final arguments, although in 18 of the states the closing argument is in some way restricted. As the Supreme Court has just recently reiterated, ". . . it requires a strong showing to upset [a] settled practice of the Nation on constitutional grounds." McGautha v. California, *supra,* 402 U.S. at 203, 91 S.Ct. at 1465.

The court will assume that the Connecticut practice gives the prosecution a potential advantage in persuading the

---

3. For purposes of a due process analysis of a particular state procedure, the Supreme Court has recently indicated that it is specifically the Anglo-American scheme of justice which must serve as the context in which fundamental fairness is judged. Duncan v. Louisiana, *supra,* 391 U.S. at 149–150 n. 14, 88 S.Ct. 1444, *see also* In re Winship, 397 U.S. 358, 363, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Thus, the inquisitorial system practiced on the Continent, as distinguished from the accusatorial system under the Anglo-American common law, presents entirely different problems. *Cf.* IX J. Wigmore, Evidence § 2483 (3d ed. 1940, Supp.1970).

jury,[4] particularly in a close case, as this one apparently was. Indeed, its usual justification is that the party with the affirmative burden of proof on an issue should have the advantage of opening and closing final argument.[5] *See* United States v. El Rancho Adolphus Prods., Inc., 140 F.Supp. 645, 650 (M.D.Pa.1956), aff'd, 243 F.2d 367 (3d Cir.), cert. denied, 353 U.S. 976, 77 S.Ct. 1058, 1 L. Ed.2d 1136 (1957). *Cf*. Conn.Prac.Bk. § 232.

■ Despite this potential advantage, however, the court is unable to conclude that the Connecticut procedure rendered petitioner's trial fundamentally unfair. He was afforded full opportunity to present oral argument to the jury, and did so. His right to be heard at trial was thus fully protected. The fact that the prosecution was also heard, and heard before and after petitioner was heard, could not in the judgment of this court, ever amount to so severe a disadvantage as to amount to a lack of fundamental fairness. *Compare* In re Winship, *supra*, 397 U.S. at 363, 90 S.Ct. 1068 (permitting conviction on a standard of proof less than reasonable doubt standard would be such a severe disadvantage). Petitioner does not contend that the prosecution's argument was in any way improper. Absent prejudice of that kind, petitioner has no grounds for complaint and there is no basis for this court to direct a different order of argument.

The conclusion I have reached is supported by the few federal cases touching on this point. *See* Hale v. United States, 410 F.2d 147, 152 (5th Cir.), cert. denied, 396 U.S. 902, 90 S.Ct. 216, 24 L.Ed.2d 179 (1969); Wilkins v. United States, 376 F.2d 552, 563 (5th Cir.), cert. denied, 389 U.S. 964, 88 S.Ct. 342, 19 L.Ed.2d

379 (1967); Hardie v. United States, 22 F.2d 803 (5th Cir. 1927), cert. denied, 276 U.S. 636, 48 S.Ct. 421, 72 L.Ed. 744 (1928); United States v. El Rancho Adolphus Prods., Inc., *supra*, 140 F.Supp. 645. It is supported further by McGautha v. California, *supra*, 402 U.S. 183, 91 S.Ct. 1454, where the Supreme Court held it was not a denial of due process either to permit a jury to impose the death penalty in absence of any standards to guide its decision, or to permit a jury to determine guilt and impose the death penalty in the same proceeding; and by Spencer v. Texas, *supra*, 385 U.S. 554, 87 S.Ct. 648, where the Supreme Court rejected a due process challenge to Texas' procedure which permitted proof of prior convictions to be introduced at trial of pending criminal charges, with instructions that the prior convictions not be considered with respect to guilt or innocence. If the procedures under attack in *McGautha* and *Spencer* passed constitutional muster, *a fortiori*, the Connecticut order-of-final-argument statute is a permissible exercise of the state's power to regulate the conduct of its criminal trials.

B. *Right to Counsel*

■ Petitioner makes the further claim that Connecticut's procedure deprived him of the effective assistance of counsel. There is no contention that his counsel was incompetent or made any mistakes—simply that his effectiveness was diminished by the order of final arguments. This argument merits little discussion. "In order to assume constitutional proportions, 'A lack of effective assistance of counsel must be of such a kind as to shock the conscience of the Court and make the proceedings a

---

4. Petitioner offered at the hearing on this petition the testimony of a clinical psychologist who would have testified that the right to open and close is a distinct, substantial, and material advantage. He submitted with his brief a letter to the same effect from the Chairman of the Department of Psychology at Temple University.

5. The allocation of the burden of persuasion is a necessary concomitant of our adversary system, and the same considerations which put the burden of proving an accused's guilt on the government determines which party has the right to open and close.

farce and mockery of justice.' " United States ex rel. Maselli v. Reincke, 383 F.2d 129, 132 (2d Cir. 1967) (citations omitted). *See* United States v. Matalon, 445 F.2d 1215, 1218 (2d Cir. 1971). Viewed from that perspective, petitioner's claim borders on the frivolous.

### C. *Standard of Proof*

Petitioner's final contention is that the advantage obtained by the state from its preferred position in the order of arguments serves to dilute the constitutionally required reasonable doubt standard of proof necessary to convict. That argument is simply a non-sequitur. It does not follow that because the state has one more opportunity to persuade the jury that it has sustained its burden of proof, the burden is of any different quality. Petitioner does not claim that the jury was not properly instructed as to the state's burden or that the evidence did not support its verdict.

The petition is denied.