EDWARD A. CLAFFEY *vs.* FRANK S. BERGIN ET AL.

MALTBIE, C. J., BANKS, AVERY, BROWN and JENNINGS, Js.
Argued January 10th—decided February 5th, 1936.

*Frank R. Odlum,* for the appellant (plaintiff).

*Charles J. McLaughlin,* Deputy Attorney General, with whom, on the brief, was *Edward J. Daly,* Attorney General, for the appellees (defendants).

PER CURIAM. The plaintiff appealed to the Superior Court from the refusal of the liquor control commission to grant to him a restaurant permit for the sale of liquor. The case was referred to a state referee who reported the facts found by him to the court. The case was then reserved for this court. The Liquor Control Act provides for, and designates the kind of liquor which may be sold under, a "restaurant permit" and it defines a restaurant as meaning: "Space, in a suitable and permanent building, kept, used, maintained, advertised and held out to the public to be a place where hot meals are regularly served at least

(695)

twice daily as the principal business conducted therein, but which has no sleeping accommodations for the public and which shall be provided with an adequate and sanitary kitchen and dining-room and shall have employed therein at all times an adequate number of employees." General Statutes, Cum. Sup. 1935, § 1012c (7), § 1032c. There is no one of the various elements enumerated in this statute which does not present an issue of fact, either a primary fact or a conclusion of fact drawn from primary facts. The determination whether, in a particular case, the various requirements have been met must in the first instance be made by the liquor control commission. The Superior Court, which has full power to pass upon contested issues of fact, may, upon an appeal, review the decision of the liquor control commission upon the basis of facts found by it; or it may refer the case to a state referee or committee and in that event the referee or committee must find the facts and report them to the court, and the court, if no remonstrance is filed, will then enter an appropriate judgment. This court cannot find facts, nor, in the first instance, draw conclusions of facts from primary facts found, but can only review such findings to see whether they might legally, logically and reasonably be found.

In the instant case the state referee reported that the commission conceded that the plaintiff's place of business in all respects conformed to the statutory definition of a restaurant except as to the requirement that a restaurant must be "a place where hot meals are regularly served at least twice daily as the principal business conducted therein." Whether or not the plaintiff's place of business conformed to these requirements presented issues of fact upon which it was the duty of the state referee to make a finding. While

he did find certain primary facts relevant to this issue, he did not make any finding sufficient to enable the trial court to enter judgment upon the report either sustaining or dismissing the appeal. The case was not ready for final judgment and the questions sought to be presented to us may very likely not enter into the decision ultimately to be made by the trial court. Practice Book, § 421. We cannot, therefore, entertain the reservation.

The case is remanded to the Superior Court to be proceeded with according to law.

No costs will be taxed in this court.