CULINARY INSTITUTE OF AMERICA, INC. *v.* BOARD OF ZONING APPEALS OF THE CITY OF NEW HAVEN ET AL.

INGLIS, C. J., O'SULLIVAN, WYNNE, DALY and SHEA, Js.

Argued February 9—decided March 13, 1956

*Walter G. Farr, Jr.,* with whom was *Donald F. Keefe,* for the appellant (plaintiff).

*David M. Reilly, Jr.,* with whom, on the brief, was *David M. Reilly,* for the appellee (defendant Johnson).

DALY, J. The plaintiff appealed to the Court of Common Pleas from the action of the named defendant, hereinafter called the board, in granting an application for a variance of the zoning ordinance of the city of New Haven. This appeal is taken by the plaintiff from the judgment of the court affirming the action of the board and dismissing the plaintiff's appeal.

The appeal was presented and determined in the trial court on the record of the proceedings before the board. As shown by the minutes of its executive session, the board found the following facts: The property known as 367 Prospect Street in the city of New Haven and owned by Elizabeth Berrien is in a residence A zone in which only the uses of property specified in § 1011 of the zoning ordinance[1]

---

[1] "Sec. 1011. In a Residence 'A' District a building may be erected, altered, arranged, designed or used, and a lot or premises may be used, for any of the following purposes and for no other: 1. Single-family detached dwelling. 2. Club, lodge, or community house, except where the principal activity is one customarily carried on as a business. 3. Educational, religious or philanthropic use, excluding correctional institution and including dormitory of an educational institution. 4. Farm, green-house, railway passenger station, telephone exchange without a service yard, or outside storage of supplies, transformer sub-station without a service yard or outside storage of supplies, of a public service corporation the building

are permitted. It has a frontage of 175 feet on Prospect Street and a depth of 507 feet. A one-family house, containing fourteen rooms, is situated upon it. The house is set back about 160 feet from the street line, with a sloping terrain in front of it. The property has been listed for sale since 1948 and has been offered for all permissible uses. The house has been vacant since 1950. About four years after it had been listed for sale, an offer to purchase the property was made subject to the condition that its use as a funeral parlor be authorized, but such permission was not obtained. The defendant A. Allen Johnson has agreed to purchase the property, provided a variance permitting the erection of a six-story fifty-four-unit apartment house thereon is granted. This and the other conditional offer made in 1950 are the only ones which have been made since the property was first listed for sale in 1948. The property can no longer be used as a one-family residence owing to the prohibitive cost of maintenance, and to compel such a use would be confiscatory. The construction of the multiple-family apartment house would not only increase values of property on the street and in the vicinity but would definitely improve the appearance. A great many changes have occurred in the use of nearby premises in this area since it was zoned as residence A. Many of the large one-family houses have been converted, some into multiple apartments, others into medical offices and one into a convalescent home. The board concluded that there was ample evidence of hardship to warrant the variance sought; that the variance will not sub-

of which is to conform to the general style of architecture in the neighborhood and is to be subject to the approval of the Board of Zoning Appeals. 5. Private garage. 6. Accessory uses customarily incidental to the above permitted uses and located on the same lot."

stantially affect the comprehensive plan of zoning in the area and in the municipality; that adherence to the strict letter of the zoning ordinance will cause difficulties and hardship the imposition of which on the owner is unnecessary to carry out the general purpose of this plan; and that subdivision 7 of § 1033 of the zoning ordinance,[2] together with the facts found, warrants the granting of the variance.

The plaintiff maintains that only financial hardship is claimed; that this cannot furnish a basis for a variance; that even if potential financial loss could constitute ground for a variance, there is no evidence of it in this case; and that, consequently, the trial court erred in concluding that the board was justified in granting the variance on the ground of practical difficulty or unnecessary hardship. It asserts that the board's finding that the present and previous conditional offers are the only ones which have been made since the property was first listed for sale in 1948 does not show potential financial loss. As support for this claim, it relies upon the surmise that the market value of the property may have been less than the prices at which the property was offered for sale and that this may have been the reason why offers to purchase it for a permitted use were not made. No evidence of the market value was offered. If such evidence had been presented and indicated that the prices which were asked exceeded the market value, the plaintiff's claim might be tenable. How-

---

[2] "Sec. 1033. . . .(7) Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of any provision of this Ordinance, or where the effect of the application of the Ordinance is arbitrary, the Board of Zoning Appeals shall have power in a specific case to vary any such provision in harmony with its general purpose and intent so that the public health, safety and general welfare may be secured and substantial justice done."

ever, what the plaintiff is doing is, in effect, asking this court to find as a fact that the market value of the property was less than the prices asked for it. "This court cannot find facts, nor, in the first instance, draw conclusions of facts from primary facts found, but can only review such findings to see whether they might legally, logically and reasonably be found." *Claffey* v. *Bergin,* 121 Conn. 695, 696, 183 A. 16. The burden of proof to show that the board acted improperly is upon the plaintiff. *Libby* v. *Board of Zoning Appeals,* 143 Conn. 46, 52, 118 A.2d 894; *Perdue* v. *Zoning Board of Appeals,* 118 Conn. 174, 178, 171 A. 26.

It is true that economic loss, in and of itself, is not the decisive factor in determining whether a variance should be granted in a given case. *Libby* v. *Board of Zoning Appeals,* supra, 51. "Disadvantage in property value or income, or both, to a single owner of property, resulting from application of zoning restrictions, does not, ordinarily, warrant relaxation in his favor on the ground of practical difficulty or unnecessary hardship." *Thayer* v. *Board of Appeals,* 114 Conn. 15, 22, 157 A. 273. "Situations will arise, however, where the application of zoning to a particular piece of property practically destroys or greatly decreases its value for any permitted use to which it can reasonably be put, and where the application of the ordinance bears so little relationship to the purpose of zoning that, as to that property, the regulation is, in effect, confiscatory or arbitrary. *Piccirillo* v. *Board of Appeals on Zoning,* 139 Conn. 116, 121, 90 A.2d 647; *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 542, 45 A.2d 828; *Strain* v. *Mims,* 123 Conn. 275, 288, 193 A. 754. Whether the facts in any given case establish this exceptional set of circumstances presents a problem for the

board, in the first instance, to determine. *Bartram* v. *Zoning Commission,* 136 Conn. 89, 96, 68 A.2d 308. If the board can reasonably conclude that a zoning regulation practically destroys or greatly decreases the value of a specific piece of property, it may vary the terms of the regulation, provided, of course, that the variance does not materially impair the effectiveness of the zoning regulations as a whole, and provided, further, that the board's action promotes substantial justice. *Plumb* v. *Board of Zoning Appeals,* 141 Conn. 595, 601, 108 A.2d 899. Upon an appeal from the granting of a variance under those circumstances, the court may not substitute its own discretion for that of the board. *Piccolo* v. *West Haven,* 120 Conn. 449, 455, 181 A. 615. It may interfere only if the board acted arbitrarily or illegally or so unreasonably as to have abused its discretion. *Watson* v. *Howard,* 138 Conn. 464, 469, 86 A.2d 67." *Libby* v. *Board of Zoning Appeals,* 143 Conn. 46, 51, 118 A.2d 894.

The board found that the proposed change would not only increase values of property on the street and in the vicinity but would definitely improve the appearance. The proposed use of the property is in harmony with the general purposes of the zoning ordinance and results in substantial justice.

The plaintiff's other assignments of error are without merit.

There is no error.

In this opinion the other judges concurred.