CHARLES J. WIEGERT *v.* THE PEQUABUCK GOLF CLUB, INC.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

388

Argued December 6, 1962—decided March 8, 1963

*Thomas J. O'Donnell,* with whom was *Charles L. Furey,* for the plaintiff.

*Frederick W. Beach* and *Sherwood L. Anderson III,* with whom were *Richard H. Alden* and, on the brief, *George T. Calder,* for the defendant.

SHEA, J. In this action, the plaintiff sought to enjoin the defendant from committing alleged acts of trespass on the plaintiff's land. The plaintiff also asked damages. After the pleadings were closed, the parties joined in requesting the trial court to reserve the action for the advice of this court. The facts which follow were stipulated.

On May 19, 1942, the plaintiff conveyed certain land to Harry I. Bartholomew, who, on June 6, 1946, conveyed it to the defendant. The deed from the plaintiff to Bartholomew contained the following: "The Grantee agrees, as a condition of this deed, that the Grantor, or his heirs or assigns, may use said land for agricultural purposes, but not for the purpose of erecting thereon any building or structure, until such time as said land is used for a golf course, and in the event that no such use is made of such premises by the Grantee, or his heirs or as-

signs, for a period of fifteen years from the date hereof, then said land shall become the property of the Grantor, or his heirs or assigns. If, however, the Grantee, or his heirs or assigns, does, within fifteen . . . years, use said premises for a golf course, but thereafter ceases to use said premises for a golf course for a period of five . . . years, or if they use any of the premises for any purpose other than a golf course, or if the adjoining lands now used for golf purposes are used for other purposes than a golf course, then the title to these premises shall revert to the Grantor, or his heirs, provided the said Grantor, or his heirs, are the owners of the premises adjoining these premises, but if they have assigned said premises to others than heirs, then this deed shall be a valid transfer of all title." On May 19, 1942, the date of the conveyance to Bartholomew, the defendant was operating a golf course on land approximately 2000 feet southwest of the land conveyed. The land between the golf course and the land conveyed, referred to as "the adjoining lands now used for golf purposes," was, in fact, not used for golf purposes on May 19, 1942. It was owned by the city of Bristol and used by the Bristol water commissioners. The parties to the deed of May 19, 1942, contemplated that the defendant would negotiate a lease of these "adjoining lands," but they were not used for golf purposes until July 28, 1958, at which time the defendant had obtained a lease.

On July 23, 1956, the defendant wrote a letter to the plaintiff declaring its intention to use the land in controversy. On October 13, 1956, the members of the defendant voted to use this land as a practice area and driving range, and thereafter, at various times, the land was used for those pur-

poses. The defendant erected two signs, one at the clubhouse and one on the land, indicating the availability of the land as a practice area. The defendant mowed the field, removed certain division fences and had commenced excavation at the time this action was brought. The plaintiff did not consent to any of these uses. On or about December 15, 1958, work was commenced by the defendant on the extension of the golf course on the land leased from the city. Since May 19, 1942, the defendant has paid all the taxes assessed against the land in controversy. Many golf clubs in this state and in Hartford County contain driving ranges and practice areas. From May 19, 1942, to the present date, the plaintiff has continuously owned the land referred to as "the premises adjoining these premises" in the deed from the plaintiff to Bartholomew.

On these stipulated facts, the advice of this court is requested on the following questions: (1) Did title to the land in controversy revert to the plaintiff on May 19, 1957? (2) If the answer to question (1) is "No," does the defendant now have an estate in the land in question in fee simple, free and clear of the restrictions contained in the deed of May 19, 1942? Section 52-235 of the General Statutes provides that questions of law may be reserved for the advice of this court in all cases in which an appeal could lawfully be taken if a judgment had been rendered. The answer to the first question reserved depends entirely on whether the land in controversy was used as a "golf course" within the meaning of the language of the deed. Whether the property was so used involves the decision of a question of fact. The arguments of the parties in their briefs center around the determination of this question, and it is evident that it is the most sharply con-

tested issue in the case. It is not the proper function of this court to adjudicate such an issue. *New Haven Metal & Heating Supply Co.* v. *Danaher,* 128 Conn. 213, 217, 21 A.2d 383. The decision whether the land was used in conformity with the requirements of the deed would be a conclusion of fact, to be reached on the basis of the subordinate facts, developed to the extent necessary to enable the court to reach a proper legal conclusion. "This court cannot find facts, nor, in the first instance, draw conclusions of facts from primary facts found, but can only review such findings to see whether they might legally, logically and reasonably be found." *Claffey* v. *Bergin,* 121 Conn. 695, 696, 183 A. 16. A trial court cannot, by reservation, compel action by this court. *Barr* v. *First Taxing District,* 147 Conn. 221, 223, 158 A.2d 740; *Potter* v. *Appleby,* 136 Conn. 641, 643, 73 A.2d 819. Here, the question at issue should be decided by the trial court. *Harrison* v. *Harrison,* 96 Conn. 568, 570, 114 A. 681.

We decline to answer the questions reserved.

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.