TOWN OF WATERFORD ET AL. *v.* RUDOLPH J. GRABNER ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, JS.

Argued June 14—decided July 20, 1967

*Charles M. Tighe,* for the appellants (plaintiffs).

*Francis J. Pavetti,* for the appellees (defendants).

ALCORN, J.  For a number of years, the defendants have been engaged in the business of selling and processing sand and gravel from property owned by them in Waterford.  The plaintiff town and George T. Phillips, the town's building inspector, brought this action seeking to enjoin the operations of the defendants until they complied with a provision of the Waterford zoning ordinance regulating the operation of sand and gravel pits.  To this complaint the defendants pleaded, inter alia, that they were making a valid nonconforming use of their property and that the regulation in issue was unreasonable, illegal, arbitrary, confiscatory and unconstitutional.  The case was tried on stipulated facts.  Consequently, the court has made a

finding which recites only its ultimate conclusions and the claims of law made by the parties. See *Kyser* v. *Zoning Board of Appeals,* 155 Conn. 236, 246, 230 A.2d 595; *Blodgett* v. *Cosgrove,* 117 Conn. 301, 307, 167 A. 925.

The court concluded that the defendants were operating their business as a valid nonconforming use, that it could not conclude from the stipulated facts that the building inspector had authority to issue a cease and desist order, and that under all the circumstances "it would not be reasonably discreet to enjoin a valid, nonconforming use of the premises." Judgment was rendered denying injunctive relief, and the plaintiffs have appealed. Error is assigned in the court's conclusions and in the court's action in overruling the claims of law made by the plaintiffs at the trial. These claims were, in substance, that the defendants were violating the regulation in issue, that the plaintiffs were entitled to maintain the action to enjoin that violation, and that an injunction should issue.

The court's conclusion that it was unable to decide whether the building inspector was empowered to issue a cease and desist order is of no consequence. The parties agreed that the building inspector had the duty of administering and enforcing the zoning regulations. There is no claim made that, regardless of the cease and desist order, he was not a proper plaintiff to bring this action seeking an injunction under General Statutes § 8-12.

The question presented by the appeal is therefore a narrow one. Although the parties have briefed many of the legal issues raised by the pleadings, only one issue is presented to us for decision. A determination whether the defendants' various attacks on the contested portion of the zoning regu-

lations are to be wholly or in part successful requires, in the first instance, conclusions solely within the province of the trial court. We can only review conclusions reached by the trier. This court does not draw conclusions from the subordinate facts. *Wiegert* v. *Pequabuck Golf Club, Inc.*, 150 Conn. 387, 391, 190 A.2d 43; *Culinary Institute of America, Inc.* v. *Board of Zoning Appeals*, 143 Conn. 257, 261, 121 A.2d 637; *Claffey* v. *Bergin*, 121 Conn. 695, 696, 183 A. 16.

The pertinent facts are as follows: The defendants had operated their business continuously since 1948 on land which they had acquired over the years. Zoning regulations were first adopted in Waterford in 1954, at which time the defendants' property was included in an R-A zone, in which sand and gravel pits, subject to fencing, slope and depth requirements, were permitted. In 1960 the provision of the ordinance now in issue was legally adopted. This provision, in short, required an application for and the issuance of a permit, good for a maximum of four years, but thereafter renewable, for the removal of sand, gravel and material other than topsoil in all districts of the town. The application of the ordinance to existing commercial sand and gravel operations was deferred until January 1, 1963. The defendants did not apply for, and have not been issued, a permit. On April 24, 1964, the building inspector notified the defendants to cease operations until they had obtained a permit. The defendants replied that the regulations were not enforceable against them and continued their operations. The present action was then brought in June, 1964.

"Where injunctive relief is permissible at all, the trial court has discretion whether or not to grant

it." *Lebanon* v. *Woods,* 153 Conn. 182, 195, 215 A.2d 112. But "[e]ven though an injunction rests in the discretion of the court, error may properly be found where the court denies such relief, not in the exercise of its discretion, but because it bases its decision upon an unsound proposition of law". *Crowell* v. *Palmer,* 134 Conn. 502, 512, 58 A.2d 729; 28 Am. Jur. 846, Injunctions, § 332; 43 C.J.S. 425, Injunctions, § 14.

The trial court refused to issue the injunction sought by the plaintiffs on the basis of its conclusion that the defendants were making a valid nonconforming use of their premises. In *Teuscher* v. *Zoning Board of Appeals,* 154 Conn. 650, 657, 228 A.2d 518, and again in *Troiano* v. *Zoning Commission,* 155 Conn. 265, 267, 231 A.2d 536, we said: "Even if the ordinance restricts a beneficial use to which the property had previously been devoted, this is not decisive on the question of the constitutionality of the ordinance. 'If this ordinance is otherwise a valid exercise of the town's police powers, the fact that it deprives the property of its most beneficial use does not render it unconstitutional.' . . . [*Goldblatt* v. *Hempstead,* 369 U.S. 590, 592, 82 S. Ct. 987, 8 L. Ed. 2d 130.]" In the present case the trial court made no determination of the validity of the contested provision in the ordinance or of its constitutionality. It refused injunctive relief because it concluded that the use which the defendants were making of their property was a valid nonconforming one. Thus, the judgment was based on an unsound proposition of law rather than on an exercise of the court's discretion.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.