[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an administrative appeal from a decision of the defendant Bristol Zoning Board of Appeals (Board) granting a variance.
The record discloses that until 1970, Laurelcrest Academy operated a private college preparatory school in Bristol. After the school closed its doors, the separate buildings, including the gymnasium, were separately conveyed. Most of the buildings reverted to single family residential use, except for the gymnasium. Although the gymnasium was first used for private storage, it has been vacant for the past fifteen years. CT Page 1545
In 1985, the gymnasium was acquired by the pro se defendant, Mark Noon. Mr. Noon originally planned to renovate the gymnasium for use as a single family residence. Although the record does not disclose the relationship of the owner of the property (the defendant Mark Noon) and the applicant, Stephen Martino, the Board did grant the variance on Martino's application. Martino filed an application for a variance of the property proposing a professional office building because of the high cost to renovate the gymnasium for residential uses. Martino sought a variance for use and building area requirement.
On August 1, 1987, the Board, after a public hearing on Martino's application, granted the application for a variance. The notice of the decision was published on August 4, 1989. The plaintiffs' appeal was filed on August 29, 1989. The sheriff's return shows process served on the parties on August 22, 1989 more than fifteen days after publication. However, the corrected sheriff's return recites that the citation, appeal and complaint were delivered into his hands for service on August 17, 1989, within the fifteen day period provided for in Conn. Gen. Stat. sec. 8-8.
The plaintiffs in this case are John F. Sand, Jr. and Carol M. Sand, Dante Cimadamore and Cynthia D. Cimadamore, Robert Carroll and Ruth B. Carroll, Frank E. Laviero, and Gary M. Virello and Donna M. Virello, all residents of Founders Drive, Bristol. Based upon the evidence presented, John F. Sand, Jr. and Carol M. Sand, Gary M. Virello and Donna M. Virello, and Frank E. Laviero are aggrieved parties being either abutting owners or owning property within one hundred feet of the subject property. The remaining plaintiffs are not aggrieved parties. By agreement of all counsel, these plaintiffs were permitted to withdraw from this action.
The plaintiffs, in bringing this appeal, raise two claims. The first claim is that the Board failed to make any findings required by Article 13 of the Bristol Zoning Regulations (Regulations). The second claim is that the evidence before the Board could not support the granting of a variance based upon hardship.
The defendants argue that, in the absence of reasons stated by the Board, the trial court is required to search the record to determine the basis for the decision made by the Board. The defendants also argue that there was a sufficient basis in the record to support the Board's decision to find hardship.
The first issue is whether or not the Board was CT Page 1546 required to state its reasons for the record.
Article 13A.4 recites in part:
 "Before any variance is granted, the Board must make a written finding in its minutes that all of the following apply:
 (a) Special circumstances, described in detail, attach to the property which does not generally apply to other property in the neighborhood.
 (b) The special circumstances relate to the condition of the land or parcelization and not to the circumstances of the applicant.
 (c) Relief is required to remove an unreasonable hardship which is not of the applicant's making and that relates only secondarily to "economic" difficulty."
Our Supreme Court has consistently held that where zoning regulations require a zoning board to state upon the record the reasons for its decision in granting or denying a variance, the trial court should search the record to find a basis for the action taken where the board gave no reasons for its action. Grillo v. Zoning Board of Appeals, 206 Conn. 362, 369
(1988); Ward v. Zoning Board of Appeals, 153 Conn. 141, 144
(1965).
The situation here is much different from just the requirement of giving reasons for one's decision. Section 13A.4 of the Bristol regulations requires as a condition of making its decision, for the Board to make "a written finding that all ("all" has been emphasized by underlining in the regulation) of the three requirements in subparagraphs (a), (b) and (c) have been met.
The duty of the trial court, in zoning cases, is to review the record to determine whether the board has "acted fairly or with proper motives or upon valid reasons." A. P. W. Holding Corporation v. Planning Zoning Board, 167 Conn. 182,186-87 (1974). For this reason, if a board states its reason for the decision, the trial court can only review the record as to the reason or reasons stated. Burnham v. Planning Zoning Commission, 189 Conn. 261, 265 (1983). The trial court is limited to considering only the reasons stated by the board. DeMaria v. Planning Zoning Commission, 159 Conn. 534, 541
CT Page 1547 (1970). "[W]here a zoning commission has formally stated the reasons for its decision the court should not go behind that official collective statement of the commission. It should not attempt to search out and speculate upon other reasons which might have influenced some or all of the members of the commission to reach the commission's final collective decision." Id. p. 541. See Central Bank for Savings v. Planning Zoning Commission, 13 Conn. App. 448 (1988).
The basis for making it desirable to have zoning boards state their reasons for their decisions is founded upon Conn. Gen. Stat. sec. 8-7[1]. Although Conn. Gen. Stat. sec. 8-7
mandates that the boards state their reasons for their decisions, our case law has held that this statutory requirement is desirable but not mandatory. Hovanesian v. Zoning Board of Appeals, 162 Conn. 43, 47 (1971).
A zoning commission, as a formulator of public policy, has wide discretion in its legislative capacity to promulgate zoning regulation. Arnold Bernhard Co. v. Planning Zoning Commission, 194 Conn. 152, 164 (1984). In this case the Bristol Zoning Commission adopted zoning regulations providing for a procedure for the zoning board of appeals to follow in determining an application for a variance. No one has challenged the validity of this zoning ordinance. See Faubel v. Zoning Commission, 154 Conn. 202, 206 (1966).
So long as there is no challenge to the validity of the zoning regulations, the regulation enjoys a presumption of validity, and the Board is obligated to follow the regulations promulgated as a municipal ordinance. Town of Beacon Falls v. Posniek, 212 Conn. 570, 585 (1989) (en banc), Burnham v. Planning Zoning Commission, supra 263. The regulations required specific findings in writing. Under these circumstances, searching the record cannot overcome the requirement of the regulation to make specific findings. To do otherwise would require the court to assume the position of the Board in making the findings required by the regulations. This would clearly be a case of the court substituting its judgment for the judgment of the Board. A court cannot substitute its judgment for that of the local agency. Horn v. Zoning Board of Appeals, 18 Conn. App. 674,676-77 (1989).
The second issue in this case is whether or not the evidence before the Board could support the granting of a variance based upon hardships.
In appeals from zoning authorities, in the absence of reasons stated by the board, the trial court is required to search the record to determine the basis for the board's CT Page 1548 decision. Gagnon v. Inland Wetlands Watercourses Commission,213 Conn. 604, 607-608 (1990); Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 732 (1988), affirmed per curiam,211 Conn. 76, 77-78 (1989).
The standard for review of zoning cases by a trial court is that the court cannot substitute its judgment for that of the administrative tribunal. Frito-Lay Inc. v. Planning Zoning Commission, 206 Conn. 554, 572-73 (1988). The court is limited to determining only if the agency has acted illegally, arbitrarily, or in abuse of its discretion. Id. at 573. The court is simply to determine whether the record reasonably supports the conclusions reached by the agency. Burnham v. Planning Zoning Commission, supra 265.
The defendants claim that the argument for the granting of the variance in this case is supported by the decision in Culinary Institute of America, Inc. v. Board of Zoning Appeals, 143 Conn. 257 (1956) which the defendants refer to as the "white elephant case."
In Culinary, the zoning board of appeals found, as facts, that the subject property was listed in a Residence A zone for single family residences. The subject was a one-family house containing fourteen rooms. The house had been listed on the market for sale since 1948 and vacant since 1950. The property could no longer be used as a one-family home due to prohibitive maintenance costs. The area had changed since it was zoned as residence A. Many of the large homes had been converted into multiple apartments, medical offices and a convalescent home. The board in Culinary determined that it would be confiscatory to compel the subject property to be used as a single-family residence.
In holding that the board acted properly in granting the variance for the construction of an apartment house, the court in Culinary stated, "It is true that economic loss, in and of itself, is not the decisive factor in determining whether a variance should be granted in a given case. Libby v. Board off Zoning Appeals, supra, 51. `Disadvantage in property value or income, or both, to a single owner of property, resulting from application of zoning restrictions, does not, ordinarily, warrant relaxation in his favor on the ground of practical difficulty or unnecessary hardship. ' Thayer v. Board of Appeals, 114 Conn. 15, 22, 157 A. 273. `Situations will arise, however, where the application of zoning to a particular piece of property practically destroys or greatly decreases its value for any permitted use to which it can reasonably be put, and where the application of the ordinance bears so little relationship to the purpose of zoning that, as to that property, CT Page 1549 the regulation is, in effect, confiscatory or arbitrary.' (Citations omitted.) Culinary Institute of America, Inc. v. Board of Zoning Appeals, supra p. 261.
In Culinary the area, previously zoned primarily for single-family use, no longer was used for that major purpose. Due to the conversion of many single family homes to multi-family and business uses, the area was no longer a residence A zone.
The court in Culinary, supra at p. 262 stated that "[i]f the board can reasonably conclude that a zoning regulation practically destroys or greatly decreases the value of a specific piece of property, it may vary the terms of the regulation. . . ."
In the present case no specific findings were made by the Board as required by the regulations. The chairman of the board did note in the record, that the area was old. That existing uses were similar to that proposed by the applicant. That professional offices are now in existence in the area. That although the area was an R-15 area, it had become a mixed area of offices by doctors and professionals.
As we have previously stated, the function of the court is to review the record to determine whether or not the record supports the decision. Burnham v. Planning Zoning Commission, supra 265-66.
The record discloses that the subject building was a former gymnasium, unused for years, and located in an area of mixed uses with numerous doctors and other professional offices within a mile radius. The zoning, in which this gymnasium was located was an R-15 zone. Paragraph D. 11 of Article Seven (Single Family Residential Zones) of the Regulations provided that "professional and business offices, financial institutions, medical and dental offices, and clinics not designed for overnight patient care as a principal use. . . and retail stores, any of which uses existed prior to October 13, 1976."
Reference was made to this provision by the Planning Commission in response to the application for a variance. The Planning Commission voted to recommend approval of the application "because Article 7, Sec. D. 11 allows the proposed use with the issuance of a Special Permit by the Zoning Commission but only for those uses in existence prior to 1976. . . ."
It is not the function of this court to weigh the evidence presented to the Board, and thereby substitute the court's judgment for that of the Board. Horn v. Zoning Board of CT Page 1550 Appeals, supra 676-77.
Although it appears that there is a sufficient basis in the record to support the decision of the Board, the Regulations require specific findings by the Board before it can grant a variance[2].
Although it would be appropriate to remand this matter back to the Board to have it comply with its own regulations, we recognize that "[w]hen it appears, however, that the zoning authority could reasonably reach only one conclusion, the court may direct the authority to do that which the conclusion requires. Chevron Oil Co. v. Zoning Board of Appeals,170 Conn. 146, 153 (1976), citing Watson v. Howard, 138 Conn. 464,470 (1952).
The record contains information which would allow the Board to favorably answer each of the three conditions stated in Article 13A.4 of the zoning regulations.
The plaintiffs raise one final issue. The plaintiffs claim that effective December 21, 1990, the Bristol Zoning Commission adopted new zoning regulations and a new zoning map. The changes relate to previously existing provisions governing non-conforming uses. The plaintiffs claim that this new change in the Regulations precludes the granting of the variance, in the present case, from becoming effective. A variance is not a non-conforming use. Adolphson v. Zoning Board of Appeals,205 Conn. 703, 710 (1988). Therefore, the changes in the Regulation affecting non-conforming uses have no bearing on the issues before this court.
Accordingly, based on the foregoing reasons, the decision of the Board is affirmed.
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT