[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Meriden Zoning CT Page 2234 Board of Appeals (hereinafter the Board) whereby the Board denied the application of the plaintiffs.
The plaintiff, City Savings Bank, is the owner of a parcel of land in the City of Meriden known as 2 Suzio Drive. Said premises are located in a Residential-1 zone.
The plaintiff, Bruce Thorpe, entered into a contract with City Savings Bank to purchase said property subject to certain zoning contingencies.
On December 18, 1990 the plaintiffs applied to the defendant Board for a variance to establish 2 Suzio Drive as a legal building lot and for a variance to allow a well and septic tank on a lot less than 40,000 square feet.
The application is by Bruce Thorpe as the applicant and City Savings Bank of Meriden as the owner. It is indicated on the application that "the applicant seeks variance of square footage requirements in an R-1 zone and an establishment or confirmation of the 14,400 square foot lot as shown on the attached plot plan as a legal lot."
The applicants claim that the circumstances of the hardship is as follows:
 The property at 2 Suzio Drive is presently improved with a single-bedroom one family home, serviced by a private water line from an adjacent residence and by a septic system. Applicant wishes to purchase the property from the current owner, City Savings Bank, and to remodel the home into a two-bedroom home, which would [continued] [sic] to be serviced by septic system; however, the private water line would be disconnected and the property would be serviced by a private well. Prior to 1986, the property in question was part of a larger parcel with a total area of 19,740 square feet. At the time, a portion of the land specifically 5,340 square feet was sold and added to a neighboring lot. CT Page 2235 This was done pursuant to a map filed with the City Clerk's office and approved for recording by the then Assistant Planner. The action in selling off the [$5,340] [sic] square foot parcel reduced the lot, which was then undersized by only 260 square feet, from the required 20,000 square feet to 14,400 square feet. Appellant's proposal as outlined above would require 40,000 square feet if the lot were being created today under current zoning. Since the lot is an existing one and since septic system is already on the parcel, Applicant seeks variance of square-footage requirements from 40,000 square feet to 14,400 square feet.
2 Suzio Drive is a one-family home with a single bedroom serviced by a septic system and a private water line from an adjacent residence.
The plaintiff, Bruce Thorpe, desires to purchase the property and make it into a 2 bedroom residence, which would still be serviced by a septic system; however the water supply would be served by a private well instead of the private water line from the adjacent residence.
The plaintiffs claim that shortly after obtaining Suzio Drive, the owner of 4 Suzio Drive notified City Savings Bank that she would no longer allow the water service on 4 Suzio Drive to be used by the residence at 2 Suzio Drive. The use of water for 2 Suzio Drive was metered by a meter at 4 Suzio Drive. The plaintiffs contend that they are now required to have a residence with a septic system and water supplied via a well.
Pursuant to the Meriden Zoning Regulations, a property must contain at least 40,000 square feet to allow a septic tank and a well. Since the instant property is 14,400 square feet the plaintiffs have sought a variance.
The plaintiffs also allege that prior to the acquisition of the property by City Savings Bank, it had been subdivided and a portion conveyed to a property owner to the west, which portion became a part of the property known as 4 Suzio Drive. Said conveyance had the effect of reducing 2 Suzio Drive from a non-conforming lot of 19,740 square feet to a non-conforming lot of 14,400 square feet.
A public hearing was held on January 8, 1991 concerning the instant application. At a regular meeting held on January 10, 1991, the Board voted to defer a determination on the application, pending further information from plaintiffs' counsel. And at a CT Page 2236 special meeting held on February 19, 1991, the Board unanimously denied the plaintiffs' application. Publication of the notice of this decision was in the Meriden Record-Journal on February 22, 1991.
The plaintiffs have appealed the action of the Board and claim that in denying the application, the Board acted illegally, arbitrarily, and in abuse of its discretion in that:
A. In failing to confirm the legality of the Plaintiff City Savings Bank's lot with an area of 14,400 square feet notwithstanding that the reduction in square footage of a legal, non-conforming lot was permitted by the City of Meriden Planning Department.
B. In failing to recognize the hardship of the Plaintiffs in that the denial of the variances eliminated the Plaintiffs' ability to use the premises as a residence.
C. In failing to recognize that the actions of the City of Meriden, in permitting the reduction of the area of 2 Suzio Drive, created a hardship for the Plaintiff, which the Zoning Board of Appeals should have relieved.
D. In failing to recognize that the actions of the City of Meriden, in permitting water connections through private property, created a hardship for the Plaintiff which the Zoning Board of Appeals should have relieved.
E. In failing to recognize that the City was equitably estopped from preventing the Plaintiff from utilizing its property for a single-family residence.
F. In failing to grant the requested relief, the Zoning Board of Appeals deprived the Plaintiff of all reasonable use of the premises and that said action was confiscatory in nature and amounted to a taking of property without just compensation.
 II
Aggrievement is a prerequisite to maintaining an appeal. Smith v. Planning Zoning Board, 203 Conn. 317.
The plaintiff, City Savings Bank, is the owner of 2 Suzio Drive by virtue of a foreclosure. The plaintiff, Bruce Thorpe, has an interest in the property by virtue of a contract to purchase it. An owner of the subject property is aggrieved and entitled to bring an appeal. Bossert Corporation v. Norwalk,157 Conn. 279, 285 (1968). CT Page 2237
The holder of a contract or an option to purchase property has a sufficient legal interest to establish the aggrievement requirement for an appeal from the denial of the application. Shapero v. Zoning Board, 192 Conn. 367, 376 (1984); Goldfeld v. Planning Zoning Commission, 3 Conn. App. 172, 176
(1985).
It is therefore held that City Savings Bank and Bruce Thorpe are aggrieved.
 III
The plaintiffs have the burden of proof in challenging the Board's decision. Spero v. Zoning Board of Appeals, 217 Conn. 435,440 (1991).
The court is only to determine whether the local authority has acted illegally, arbitrarily, or in abuse of its discretion. Frito-Lay, Inc. v. Planning Zoning Commission,206 Conn. 554, 573 (1988). The court determines whether the record reasonably supports the conclusion reached by the Board. The action of the Board should be sustained if any one of the stated reasons is sufficient to support the action. Primerica v. Planning Zoning Commission, 211 Conn. 85, 96 (1989).
Connecticut General Statutes 8-6(3) relating to the powers and duties of boards of appeals states:
 . . . to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed.
Section 213-59C [1220.3] of the Meriden's Zoning Regulations provides as follows: CT Page 2238
 C. [1220.3] No variance shall be granted on any allegation of hardship resulting from an act of the applicant subsequent to the adoption of this chapter, whether in violation of the provisions hereof or not. Before granting a variance on the basis of unusual difficulty or unreasonable hardship, there must be a finding by the Board of Appeals that all of the following conditions exist:
 (1) [1)] That if the owner complied with the provisions of these regulations, he would not be able to make any reasonable use of his property.
 (2) [2)] That the difficulties or hardship are peculiar to the property in question, in contrast with those of other properties in the same district.
 (3) [3)] That the hardship was not the result of the applicant's own action.
 (4) [4)] That the hardship is not merely financial or pecuniary.
The Board found that the subject parcel is not serviced by public water and sewer and is 14,400 square feet. Accordingly the lot does not meet the Meriden Zoning Regulations. In denying the variance the Board ruled that:
 1. The Board denied the request for a Variance for lot size due to the lack of hardship and the fact that at one time this lot was serviced by water.
 2. That the lot does not constitute "a lot of record" in that said lot differs in circumstances from the lot created prior to the enactment of the zoning regulations. The differing circumstances includes (but not limited) to the fact that the prior lot was serviced by water.
 IV
The plaintiffs argue that the Board failed to recognize their hardship and that the denial of the Variance eliminated their ability to use the premises as a residence.
The plaintiffs also contend that the reduction in square footage of a legal, non-conforming lot was permitted by the City CT Page 2239 of Meriden and therefore the Board should have confirmed the legality of the plaintiff City Savings Bank's lot with an area of 14,400 square feet.
The plaintiffs refer to the fact that before the City Savings Bank acquired the property by foreclosure, one subsequent in title subdivided 2 Suzio Drive. That the map evidencing said transfer was filed in the Meriden Land Records. Said map was initiated by the assistant town planner. And that the conveyance reduced the then non-conforming lot of 19,740 square feet to a lot containing 14,400 square feet. The plaintiffs note that the filing of said map made possible the conveyance which destroyed the legal non-conforming status of the lot.
As regards the issue of water, the plaintiffs point out that 2 Suzio Drive was serviced with city water; however, the meter for water at Suzio Drive was in 4 Suzio Drive.
The plaintiffs argue that the fact that the water supply for 2 Suzio Drive was cut off by the property owner of 4 Suzio Drive diminished the utility of 2 Suzio Drive making it practically useless and this coupled with the operation of the zoning laws of Meriden gave rise to the hardship that the "[Board] was obliged to relieve."
In furtherance of their position, the plaintiffs cite claimed analogous cases where zoning boards of appeals granted variances and their decisions were upheld. Culinary Institute of America, Inc. v. Zoning Board of Appeals of the City of New Haven, et al., 143 Conn. 257. Of course this is not to say that if the variances were denied an appeal thereof would have been successful.
The Board argues that a variance can only be granted if all the conditions enumerated in section 213-59C [1220.3] of the Meriden Zoning Regulations are met.
Also that the variance could not be granted since the alleged "hardship" was created by them or their predecessors in interest to the property. Pollard v. Zoning Board of Appeals,186 Conn. 32, 39-40 (1982).
The defendant argues that since the plaintiff's predecessor created the nonconformity, the board lacks the power to grant a variance. Johnny Cake, Inc. v. Zoning Board of Appeals, 180 Conn. 296, 300 (1980).
The defendant also cites Abel v. Zoning Board of Appeals, 172 Conn. 286, 290-91 (1977) where the zoning board initially granted a variance to one who purchased an undersized CT Page 2240 lot, which was created by a predecessor in title. The Supreme Court reversed the trial court in dismissing the appeal and found that the hardship which the board found was voluntarily assumed by the applicant and could not, therefore, constitute grounds for granting a variance.
The court finds the arguments of the defendant persuasive. The predicament which arose did not originate in the regulations. The difficulty which plagues the plaintiffs was created by the predecessor in title and the fact that the owner of 4 Suzio Drive disallowed the water source from her house. Seeking relief from the Board was to escape the action of others.
Here the City Savings Bank granted a mortgage on the subject premises notwithstanding that it contained 14,400 square feet.
 V.
The Planning Office for the City Meriden sent a correspondence dated December 26, 1990 (Return of Record B) requesting that the following comments be read into the record.
 Applicant seeks a Variance of square footage requirements for a lot in an R-1 zone with a private water and private sewer system. A lot with these circumstances would normally require 40,000 square feet of lot area.
 Specific attention must be paid to the fact that the current house is a one bedroom house, thus limiting the amount of water use and thus impact on a septic system. Enlarging the house to two bedrooms will increase the amount of water and septic use. Applicant does not show present location of septic system, proposed septic system, proposed well, and whether a lot of this size in this area can reasonably support this use. In addition, a reserve area must also be shown. No record of Health Department approval has been submitted.
 Applicant must show a hardship. A portion of the property was previously sold diminishing the lot area further below minimum requirements, thus knowingly reducing the possibilities for future expansion on his property.
The ZBA must adhere to Section 213-59c. CT Page 2241
The Zoning Board of Appeals was directed to section 213-59c, which requires that all of the following conditions must exist for the granting of a variance:
 (1) [1)] That if the owner complied with the provisions of these regulations, he would not be able to make any reasonable use of his property.
 (2) [2)] That the difficulties or hardship are peculiar to the property in question, in contrast with those of other properties in the same district.
 (3) [3)] That the hardship was not the result of the applicant's own action.
 (4) [4)] That the hardship is not merely financial or pecuniary.
In denying the variance the Board ruled that:
 1. The Board denied the request for a Variance for lot size due to the lack of hardship and the fact that at one time this lot was serviced by water.
 2. That the lot does not constitute "a lot of record" in that said lot differs in circumstances from the lot created prior to the enactment of the zoning regulations. The differing circumstances includes (but not limited) to the fact that the prior lot was serviced by water.
In reviewing the record, this court cannot conclude that the action of the Board in the instant case was contrary to law. The board acted within its discretion when it determined that the plaintiffs had not established a hardship so as to justify the granting of a variance.
 VI
In paragraph 15F of their appeal, the plaintiffs claim that the action of the Board was confiscatory in nature and amounted to a taking of property without just compensation.
In support of their position, they cite Chevron Oil Co. v. Zoning Board of Appeals of Shelton, 170 Conn. 146 (1976) and D'Addario v. Planning Zoning Commission of the Town of Darien, CT Page 224225 Conn. App. 137 (1991).
The Chevron Oil Co. case, supra, dealt with a 40-foot buffer strip and setback requirements which affected the property in question. The D'Addario case, supra, involved a zone classification; i.e., in changing the zoning of land from commercial to residential.
These cases involve facts and issues that are different from the case at bar. The decisions thereon are not relevant to the instant case. The plaintiffs have not met their burden of proof that the zoning regulation involved in this case is confiscatory or constitutionally invalid or that the action of the Board was confiscatory.
The defendant argues that any "hardship" that exists was created by the plaintiffs or their predecessors in interest and that the "hardship" to obtain water is merely financial or pecuniary.
The defendant cites the Meriden Superior Court case Dobrowolski v. Meriden Zoning Board of Appeals, CV90-023577S (1991). In Dobrowolski, supra, the court found that the plaintiff's difficulties appear to have been caused, at least in part, by his own action in quit-claiming a right of way. This finding is applicable to the instant case, in that the plaintiff City Savings Bank's predecessor in title conveyed a property interest. Also that the Zoning Board of Appeal's finding of lack of hardship was due to plaintiff's failure to establish a legal hardship.
The plaintiffs have failed to meet their burden of proof to demonstrate that the action of the Board was confiscatory.
Also in such appeals, the burden of proof to demonstrate that the board acted improperly is upon the plaintiffs. Here, the court finds that the plaintiffs have not sustained their burden of proof.
Accordingly, the plaintiffs' appeal is hereby dismissed.
STENGEL, JUDGE