[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal brought by the plaintiffs from the granting of a variance to erect and maintain an oversized sign located on premises owned by the defendant West Main St. Associates (hereinafter "West Main") at 677 West Main Street, New Britain, Connecticut.
The plaintiffs, The Stanley Works and American Savings Bank, have filled affidavits with the court indicating that their properties are contiguous with the property of the defendant, West Main. Section 8-8(b) of the Connecticut General Statutes provides that any person aggrieved by a decision of the Board may take an appeal to the Superior Court. An "aggrieved person" is defined in Conn. Gen. Stat. 8-8(1) as any person who owns land abutting the land involved in the Board's decision. Thus, both plaintiffs fall within this definition CT Page 1125 and have standing to take the appeal.
The facts in the case are not in dispute. The defendant operates a night club/theater known as "The Sting" on the premises involved. At some time prior to October 10, 1990 the defendant painted a sign on the building without applying for a permit as required by ordinance of the City of New Britain. An investigation by the building inspector revealed that the area of the sign exceeded the area permitted by Section 250-30-10.10 of the Zoning Ordinances. Section 250-30-10.10 provides that the maximum area of a wall business sign "shall be two (2) square feet for each horizontal foot of building wall on which it is mounted."
The length of the wall on which the sign is painted is 159.5 feet thus permitting a sign with an area not exceeding 319 square feet. The sign's area alone exceeds 319 square feet and when the sign's area is added to the area of other signage on the building the total area far exceeds that permitted by the zoning ordinance.
The building inspector issued a Certificate of Occupancy when the defendant agreed to cover up all signage except the word "Sting". A subsequent investigation by the building inspector revealed that these remedial measures had been abandoned. The Certificate of Occupancy was then revoked and the defendant then filed a request for a variance.
In its application the defendant West Main claimed hardship as follows: "ordinance allows substantial increase in zone of pole sign if building is set back more than 75 feet from front-lot line."
A public hearing was held by the Board on December 27, 1990. At that hearing the City Plan Commission Staff report was presented in which it was strongly recommended that the variance request be denied.
Counsel for the defendant, West Main, offered the following reasons why the variance should be granted at the hearing:
 1. "We have a situation which is a real good thing for the City of New Britain" (Transcript, Public Hearing, p. 12). CT Page 1126
 2. A prior occupier of the premises (New Britain Bowl) had a sign which covered the whole building. (Transcript, p. 13).
 3. The sign is not "mounted" on the building but is, in fact, painted on the building and is part of the structure. (Transcript, p. 14).
 4. The building is set so far back from the street that without something there to identify it . . . . (Transcript, p. 15).
 5. Some of the adjoining business neighbors are in favor of the operation of Sting. (Transcript, p. 15).
 6. The inability to identify the building and the business would definitely be a hardship for the applicant. (Transcript, pg. 17).
Plaintiff's Counsel at the same hearing claimed that there is no hardship in the case. (Transcript, p. 43). "It has to be an unusual hardship worked upon the applicant by a literal application of the ordinance. The Board is prohibited by law from granting a variance here." (Transcript, Public Hearing, pg. 43-44).
On the same evening, the Board voted unanimously to grant the variance. The Board found that "the granting of this variance will not involve substantial detriment to the public good nor substantially impair the purpose and intent of the ordinance." (Def. Return of Record #7).
The plaintiffs thereupon took an appeal to the court and claimed, inter alia, that the Board acted illegally, arbitrarily and in abuse of the discretion vested in it in one or more of the following ways:
 (a) The Board approved the application despite the record being devoid of any evidence that strict application of the ordinances cause an unnecessary hardship to CT Page 1127 the applicant; . . .
 (c) The Board approved the application despite substantial evidence that the alleged hardship did not arise from circumstances or conditions beyond the control of the applicant and the Board was powerless to grant the application; . . .
 (e) The Board's decision failed to specifically describe the alleged unnecessary hardship upon which the decision was based; . . .
 (g) There was no evidence introduced at the hearing or any finding that the alleged hardship is unequal, in the sense of not being shared by all properties in the vicinity, as required by Section 270-50-30.30 of the Ordinance.
There were other issues of technical difficulties raised by the plaintiff but the court will not address these problems because the court finds that the defendants have failed to offer any evidence of proper hardship as defined by Connecticut cases.
Section 270-50-30.10 of the Zoning Ordinance states:
 "Every variance granted by the Board shall be based upon and accompanied by a specific finding or findings, supported by evidence produced at a public hearing in the manner provided by law, to the effect that the special conditions of the particular case are such as to constitute unnecessary hardship in the way of literal enforcement of the provision of the ordinance."
Section 270-50-30.40 states in part, "Each variance granted by the Board . . . shall not involve substantial detriment to the public good nor substantially impair the intent and purpose of the zone plan and of this ordinance." The language of this section was used by the defendant Board as its reason for granting the variance and is inappropriate as a basis CT Page 1128 for granting the application.
Since the Board failed to state an appropriate reason for granting the variance, the burden then falls upon the court to search the record to determine whether a basis exists for the action taken. "If the board fails to give the reasons for its action, or if the reasons are inadequate, the trial court must search the record to determine whether a basis exists for the action taken." Stankewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 732 and cases cited therein.
"Disadvantage in property values or income, or both, to a single owner of property, resulting from the application of zoning restrictions, does not warrant relaxation in his favor on the ground of practical difficulty or unnecessary hardship." Culinary Institute of America, Inc. v. Board of Zoning Appeals, 143 Conn. 257, 261 (1956).
"It is well settled that the granting of a variance must be reserved for unusual or exceptional circumstances. Proof of hardship is a condition precedent to granting a variance." Kelly v. Zoning Board of Appeals, 21 Conn. App. 594,598.
Having reviewed the record and claims made by the defendants through its counsel regarding the claimed hardship, the court must conclude that any hardship, if any, is self imposed.
For the reasons above stated, the appeal is sustained and judgment may enter for the plaintiff.
HARRY N. JACKAWAY JUDGE, SUPERIOR COURT
[EDITORS' NOTE: CT Page 1127 to 1139 are blank.] CT Page 1140